IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID FRANKLIN COTNEY, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BILL FRANKLIN, *individually and in his* )<br>*official capacity as Sheriff of Elmore Co.,* )<br>*Alabama, et al.*, )<br>)<br>Defendants. ) | CASE NO. 2:03-CV-1181-F<br>WO |

**MEMORANDUM OPINION AND ORDER**

On December 1, 2003, David Franklin Cotney, Jr. ("Cotney") filed suit against Bill Franklin individually and as sheriff of Elmore County ("Franklin"), Gary Bowers individually and as administrator of the Elmore County Jail ("Bowers"), and Elmore County, Alabama ("Elmore County"). Cotney alleges constitutional violations arising during his incarceration in the Elmore County Jail. This cause is presently before the Court on defendant Elmore County's Motion to Dismiss (Doc. # 8), filed January 20, 2004.[1] The Court has reviewed the submissions of the parties relating to the Motion to Dismiss and finds that it is due to be GRANTED IN PART and DENIED IN PART.

**I. JURISDICTION AND VENUE**

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§

---

[1] The Court is aware that a Motion to Dismiss has also been filed by Defendants Bill Franklin and Gary Bowers. The Court will address that motion by separate Order.

1331, 1343(4) and 1367. The parties do not contest personal jurisdiction or venue, and the Court find adequate allegations of each.

## II. FACTS AND PROCEDURAL HISTORY

Cotney was held in the Elmore County Jail as a federal pre-trial detainee beginning on April 18, 2003. Elmore County Jail was built by and is operated by Elmore County, which is responsible for its design, construction, and maintenance.

Around 9:00 p.m. on April 18, Cotney accidentally activated the sprinkler system in his cell and was moved from cell block D to punitive detention in "X cell." The "X cell" contained no furnishings of any sort, and the cell's plumbing consisted of a "Chinese toilet," a hole in the floor covered by a metal grate. Cotney's legs were shackled together and to the grate; his hands were cuffed behind him. He remained like this for approximately fifteen hours, until noon on April 19, 2003. The cell was cold, and Cotney was wet from the sprinkler incident. He was not provided with any personal supplies, such as bedding or a toothbrush, and was not fed breakfast on April 19.

At noon on April 19, Cotney's right hand was removed from the handcuffs and his left hand was handcuffed to his leg shackles. He remained like this until April 21, 2003. On April 21, Cotney was permitted to shower and given fresh clothes. He was returned to "X cell," and his feet were again shackled to the grate although his hands remained free. On April 22, he was given a blanket; on April 23, his feet were finally unshackled; and on May 1, he was given a mat. On May 3, he was moved from "X cell" to a similar "Y cell." During

his seventeen days in "X" and "Y" cells, he was denied exercise, telephone, and visitation privileges, except regarding visits with his attorney.

On May 5, Cotney was returned to an ordinary cell and given basic personal hygiene items. He was permitted to brush his teeth for the first time since April 18. He was allowed thirty minutes every third day for exercise, showering, telephone use, and cell cleaning.

As a result of his time in "X cell," probably as a result of sleeping on the unsanitary floor in such close vicinity to the Chinese toilet, Cotney developed a serious staph infection. Symptoms included lesions on his face and arms. The staph infection will be an ongoing health concern for the plaintiff. Plaintiff fully exhausted all internal administrative remedies without effect. At present, Cotney is no longer held at Elmore County jail.

In Count I of his Complaint, the only Count against Defendant Elmore County, Cotney states that the condition of the jail – including the presence of the Chinese toilet and the absence of bedding, dry clothing, and basic hygiene items – violated his right to be free from cruel and unusual punishment. (*See* Am. Compl. at ¶ 59.) He also generally alleges that his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments were abridged. (*See id.* at ¶ 65.) In his prayer for relief, Cotney requested a declaratory judgment that the practices and policies complained of are unlawful, an injunction preventing further punishment, and compensatory and punitive damages and costs. (*See id.* at ¶ (a) - (f).)

Elmore County filed a Motion to Dismiss on January 20, 2004. Elmore County contends that it is immune from claims for punitive damages, that Plaintiff's claims for

injunctive relief are moot, that the Fifth Amendment does not apply to state governments, and that at as matter of law it cannot be held liable for actions or inactions of the members of the jail staff. In its Reply Brief, Elmore County added the arguments that the Eighth Amendment does not apply to pretrial detainees and the Fourth Amendment does not apply to persons already in custody and under confinement.

### III. MOTION TO DISMISS STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir. 1986) (citation omitted) ("[W]e may not . . . [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief."). The Court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the non-moving party. *See Hishon,* 467 U.S. at 73. Moreover, the Court is aware that the threshold that a complaint must meet to survive a motion to dismiss is "exceedingly low." *See Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir. 1985) (citation omitted).

### IV. DISCUSSION

**A. Punitive Damages**

As Cotney concedes in his Response to Elmore County's Motion to Dismiss, punitive

damages are not available against county governments pursuant to Alabama law and 42 U.S.C. § 1983. *See* Ala. Code § 6-11-26 (1975); *Harrelson v. Elmore County, Ala.,* 859 F. Supp. 1465, 1469 (M.D. Ala. 1994) (applying statute to strike punitive damages claims made under state law); *see also City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981)(local government entities are immune from punitive damages in actions brought pursuant to 42 U.S.C. § 1983). Therefore, Elmore County's Motion to Dismiss claims for punitive damages is due to be GRANTED.

**B. Injunctive Relief**

In the Amended Complaint, Cotney asks this Court to "[e]njoin the defendants from imposing further punishment as against plaintiff and further violating his federally protected rights." (*See* Am. Compl. at ¶ (b).) Because Cotney is no longer in the custody of the Elmore County Jail, the claim for injunctive relief is moot. *See Spears v. Thigpin*, 846 F.2d 1327, 1328 (11th Cir. 1988) (holding that when an inmate complaining of prison conditions transferred to a different facility, his claim for injunctive relief became moot and should have been dismissed). To demonstrate mootness, a defendant must show that "subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to occur." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 n. 10 (1982). "Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury." *Cotterall v. Paul*, 755 F.2d 777, 780 (1985).

5

In *Cotterall*, the court held that injunctive relief by a prisoner who had been temporarily incarcerated in state jail was moot because his transfer made the threat of repeated injury "too speculative" to constitute a case or controversy. *Id.* Similarly, in this case, there is no real or immediate threat that Cotney will again be subjected to the conditions at the punishment cells in the Elmore County Jail; a repeat of this situation could not reasonably be expected to occur. *See id.; see also City of Mesquite*, 455 U.S. at 289 n.10. Therefore, Elmore County's Motion to Dismiss claims for injunctive relief is due to be GRANTED.[2]

**C. Claims Against Elmore County Under 42. U.S.C. § 1983**

    **1. Fifth Amendment Claims**

Cotney asserts that Elmore County violated his Fifth Amendment rights. Although Cotney does not specify upon which portion of the Fifth Amendment he relies, the Court assumes he is invoking the Due Process Clause. It is established that the Due Process Clause of the Fifth Amendment applies only to the federal government, while Due Process challenges to the actions of state or local governments must be maintained under the Fourteenth Amendment. *See, e.g., Hunter v. City of Pittsburgh*, 207 U.S. 161, 176 (1907) ("The 5th Amendment to the Constitution of the United States is not restrictive of state, but only of national, action."); *see also Knoetze v. United States Dep't of State*, 634 F.2d 207,

---

[2]Cotney's suggestion that injunctive relief is still appropriate because the jail conditions violate "all inmates' rights" is misplaced because Plaintiff is not a class representative. *See Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) ("Absent class certification, an inmate's claim for injunctive . . . relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.")

211 (5th Cir. 1981) ("Yet fifth amendment protection attaches only when the federal government seeks to deny a liberty or property interest.").[3]  Therefore, Elmore County's Motion to Dismiss claims under the Fifth Amendment is due to be GRANTED.

### 2. Eighth Amendment Claims

Cotney also asserts that his Eighth Amendment rights have been violated by Elmore County's cruel and unusual punishment.  However, in doing so, Cotney correctly noted that because he was a pretrial detainee and not a post-conviction inmate his claims are protected by not the Eighth but the Fourteenth Amendment.  *See* Compl., at ¶ 59 n.1.; *Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979)("The Court of Appeals properly relied on the Due Process Clause rather than the Eighth Amendment in considering the claims of pretrial detainees.  Due process requires that a pretrial detainee not be punished.  A sentenced inmate, on the other hand, may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment."); *see also Cottrell*, 85 F.3d at 1490 ("Claims involving the mistreatment of . . . pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners.").  Therefore, Elmore County's Motion to Dismiss claims under the Eighth Amendment is due to be GRANTED.

---

[3] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding authority in the Eleventh Circuit.  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).

7

### 3. Fourth Amendment Claims

Cotney asserts that Elmore County also violated his Fourth Amendment rights. Elmore County argues in its Reply Brief that Fourth Amendment protection does not extend to those person already in custody and under confinement. Because this presents a legal argument to which the Plaintiff did not have the opportunity to respond, the motion to dismiss claims to the extent that they arise under the Fourth Amendment is DENIED at this time. The Defendant is free to raise this argument again in a later dispositive motion.

### 4. Vicarious Liability

Cotney states in his Response to the Motion to Dismiss that "Plaintiff makes no claim of liability under a *respondeat superior* theory." (Response, 4-5.) However, the Complaint contains language that could possibly be seen as advancing a theory of vicarious liability for the actions or inactions of various jail personnel. (*See Def.'s Reply*, 4-5; Am. Comp. ¶64.) Therefore, the Court will address this issue.

Cotney, in suing governmental entities and their officers under § 1983, cannot rely on the theory of *respondeat superior*. *See Monnel v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (holding that *respondeat superior* liability is not available against a municipality under § 1983); *see also Marsh v. Butler County, Ala.*, 268 F.3d 1014 (11th Cir. 2001); *Shaw v. Coosa County Comm'n*, 330 F. Supp. 2d 1285 (M.D. Ala. 2004). Therefore, Elmore County's Motion to Dismiss claims to the extent that they seek to impose vicarious liability on Elmore County is due to be GRANTED.

**5. Direct Liability**

Although governmental entities and their officers will not be held vicariously liable under § 1983 for the acts or omissions of others, "[a] local government can be directly responsible for a constitutional violation due to its acts or omissions." *Marsh*, 268 F.3d at 1027 (citations omitted). This direct liability will be limited, however, to "acts for which the local government is actually responsible. *Id.*

In Alabama, counties do not have duties "relat[ing] to the daily operation of the jails or to the supervision of inmates." *Turquitt v. Jefferson County, Ala.,* 137 F.3d 1285, 1289 (11th Cir. 1998). Instead, "[t]he duties of the counties with respect to the jails 'are limited to funding the operation of the jail and providing facilities to house the jail.'" *Id.* (citing *Stark v. Madison County,* 678 So. 2d 787, 787 (Ala. Civ. App. 1996)). Alabama Code requires that all jails "contain adequate sanitary plumbing and sewage connections." Ala. Code § 14-6-103 (1975). Additionally, counties "shall enforce cleanliness in their respective jails, shall provide bathing facilities . . . soap and towels, hot and cold water, clean and sufficient bedding and clean clothes when the prisoners are not able to provide them." Ala. Code § 14-6-93 (1975); *see also* Ala. Code § 14-6-19 (1975) (also requiring necessary clothing and bedding to be furnished "at the expense of the county"). Counties will be held liable for failure to maintain jails as required by Alabama law if that failure reaches the level of a constitution violation of inmates' rights. *See Marsh*, 268 F.3d at 1027.

In *Nicholson v. Choctaw County*, plaintiffs sued Choctaw County for violations of

9

Ala. Code § 14-6-93 and 14-6-103, as well as other statutory provisions. 498 F. Supp. 295, 298 (S.D. Ala. 1980).[4] Although the court in *Nicholson* did not specifically address the violations alleged under those sections, the court found that "[t]he totality of the conditions in the Choctaw County Jail violates the . . . pretrial detainees' due process right not to be punished as guaranteed by the Fourteenth Amendment." *Id.* at 311 (citation omitted). Additionally, the court specifically ordered improvement in the areas of plumbing and the availability of hygienic items. *Id.* at 311-12. Similarly, courts have also found that plaintiffs stated claims against counties for failure to provide statutorily required medical care. *See, e.g., Shaw v. Coosa County Comm'n*, 330 F. Supp. 2d 1285 (M.D. Ala. 2004); *Gaines v. Choctaw County Comm'n,* 242 F. Supp. 2d 1153, 1161 (S.D. Ala. 2003).

Here it is alleged that the County's failure to adequately maintain the jail as required by statute and its deliberate indifference to jail conditions caused injury to the Plaintiff (Compl. at ¶¶ 57, 58, 59, 61, 62 & 66). The Court cannot say that no relief could be granted under any set of facts that could be proven consistent with the allegations made in the Complaint. *See Wright*, 795 F.2d at 967. Accordingly, the Motion to Dismiss is due to be DENIED to the extent that Elmore County has argued that all claims are due to be dismissed as based on a *respondeat superior* theory of liability.

## CONCLUSION

---

[4] Although the *Nicholson* decision is not binding precedent on this Court, the Court finds that the *Nicholson* decision, which addressed issues and arguments very similar to those presented by the instant motion, presents helpful insight into the issues presented in this case.

For the foregoing reasons, it is ORDERED that the Motion to Dismiss Defendant Elmore County, Alabama (Doc. #8) is GRANTED in part and DENIED in part as set forth in this Memorandum Opinion and Order.

DONE this 24th day of June, 2005.

                                          /s/ Mark E. Fuller
                                CHIEF UNITED STATES DISTRICT JUDGE